NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1777
_____

UNITED STATES OF AMERICA

v.

ANGEL GONZALEZ,

Appellant

_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 1-10-cr-00008-001)
District Judge:  Honorable Renee M. Bumb

_____

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2010
_____

Before:  MCKEE, Chief Judge, AMBRO and CHAGARES, Circuit Judges

Opinion filed: September 28, 2010
_____

OPINION
_____

AMBRO, Circuit Judge

Angel Gonzalez pled guilty to a single count of possession of contraband in a

federal correctional facility.  He was sentenced to six months of imprisonment and now

appeals his sentence.  Gonzalez's attorney has moved to withdraw as counsel under

*Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Gonzalez has not filed a *pro se* brief. We grant the motion and affirm Gonzalez's sentence.

I.

Because we write solely for the parties, we recite only those facts necessary to our decision. In December 2008 Angel Gonzalez was serving a 151 month sentence for federal conspiracy and drug distribution convictions at the Federal Correctional Institution-Fort Dix in Fort Dix, New Jersey, when he was found with marijuana in his pocket in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(3). Criminal charges were filed nearly one year later, in November 2009. In January 2010 Gonzalez waived indictment and pled guilty to a single count of possession of contraband in a federal correctional facility. He was sentenced in March 2010.

As part of the plea agreement, Gonzalez and the Government agreed that neither party would appeal if Gonzalez received a sentence within the Guidelines range of zero to six months of imprisonment. From December 2008 until his sentencing in March 2010, Gonzalez was in disciplinary segregation in the Special Housing Unit. Moreover, his family visiting privileges were revoked for 18 months, his general visiting privileges were revoked for 36 months, and he forfeited 40 days of good time credit.

Gonzalez's counsel requested designation to a halfway house as a condition of supervised release rather than additional prison time. He argued that a downward variance was appropriate given the significant punishment the Bureau of Prisons had already imposed in the time between the offense and Gonzalez's sentencing. The

Government argued that Gonzalez should be sentenced within the Guidelines range based on his criminal history and the need for specific and general deterrence.

The District Court imposed a sentence of six months of imprisonment consecutive to the term Gonzalez was already serving. The sentence imposed was at the top of, but within, the Guidelines range.

## II.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In her *Anders* brief, Gonzalez's attorney identified three potential grounds for appeal: (1) the District Court's jurisdiction; (2) the validity of Gonzalez's plea; and (3) the reasonableness and legality of his sentence.

Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal. First, we agree that the District Court had jurisdiction under 18 U.S.C. § 3231.

Second, Gonzalez's plea was entered pursuant to a negotiated plea agreement. At his sentencing hearing, he was sworn and waived his right to an indictment. He was

3

advised by the Court of his constitutional rights (including the right to a jury trial), the Government's burden of proof, and the presumption of innocence. The Court confirmed that Gonzalez wished to waive those rights, was mentally competent, understood the nature of the proceedings and the consequences of a guilty plea, and that his decision to plead guilty was knowing and voluntary. Gonzalez had discussed fully the case and plea agreement with his counsel, and a factual basis for the plea was established on the record and under oath. App. at 22-48. The requirements of Rule 11 of the Federal Rules of Criminal Procedure were met. Therefore, we agree with counsel's assessment that there is no basis for appeal of Gonzalez's guilty plea.

Third, we review Gonzalez's sentence for procedural and substantive reasonableness. *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). The District Court correctly calculated the advisory Guidelines range, listened to Gonzalez's arguments, and considered each of the sentencing factors under 18 U.S.C. § 3553(a). It denied Gonzalez's request to be placed in a halfway house as a condition of supervised release because a sentence within the Guidelines range was required to "promote respect for the law," give "some teeth" to the punishment, and provide specific and general deterrence. App. at 63-64. The Court explained why a Guidelines sentence was appropriate, and why a non-Guidelines sentence was inappropriate, and sentenced Gonzalez within the Guidelines range in the plea agreement. App. at 62-64. Therefore, we agree with counsel that there is no non-frivolous basis for Gonzalez to appeal his sentence.

\*     \*     \*     \*     \*

4

Counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous ground for appeal, we grant counsel's motion to withdraw and affirm Gonzalez's sentence.[1] In addition, we certify that that the issues presented lack legal merit and that counsel is not required to file a petition for writ of *certiorari* with the Supreme Court. 3d Cir. L.A.R. 109.2(b).

---

[1] Gonzalez is hereby advised that under the Criminal Justice Act counsel is not obliged to file a petition for rehearing in this Court or a petition for writ of *certiorari* in the United States Supreme Court. *See* L.A.R. 35.4; 109.2(b). If Gonzalez wishes to pursue these avenues, he must do so *pro se*.

Should Gonzalez wish to file before us a petition for rehearing *en banc*, an original and 14 copies of the petition must be filed within 14 days of the entry of judgment, or if that time has passed, he may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this order to Gonzalez.